In Ex parte Pittman, 157 Tex.Cr.R. 301, 248 S.W.2d 159, 165, we said:

"In this connection, we observe that whenever a court employs the Adult Probation and Parole Law, it is incumbent upon him to incorporate in his order or judgment the conditions upon which the accused is paroled so that the accused and the authorities may know, with certainty, what those conditions are."

We must here determine if the court's working pad kept in his own handwriting meets this requirement.

We quote from the testimony of the clerk:

"Q. You are employed as Deputy District Clerk in Harris County, Texas? A. Yes sir.

"Q. As such do you have the care, custody and control of the records of the criminal district Court No. 3 of Harris County, Texas? A. Yes.

"Q. What is that you have in your hand? A. That is what is known as the pad, we put the cases on it and the Judge enters the orders on it.

"Q. What is that? A. The docket, court docket, when the cases are set down for trial the judge enters his orders on this docket."

While it is true that this Court has many times held that the docket notations do not constitute a record entry or minutes of the court, we are here concerned only with an order which is not by the statute required to be made a part of the minutes.

We have concluded that the docket or pad was kept in the office of the clerk and was available to the probationer and the authorities and meets the requirements set forth in the Pittman case.

The judgment is affirmed.

Otha Lee SIMPSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 27184.

Court of Criminal Appeals of Texas.

Nov. 17, 1954.

---

No attorney on appeal for appellant.

Wesley Dice, State's Atty., Austin, for the State.

PER CURIAM.

The conviction is for a violation of the liquor law in Lubbock County. The penalty assessed is a fine of $600.

All matters of procedure appear regular. The record is before us without a statement of facts or bills of exception. Therefore, nothing is presented for review.

The judgment of the trial court is affirmed.